UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15-cv-128-FDW

| NAPOLEON J. RANKIN BEY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) |  |
|  | ) | **ORDER** |
|  | ) |  |
|  | ) |  |
| FNU PRITCHARD, Officer, | ) |  |
| MIKE BALL, Superintendent, | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1), and on Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 6).

I.  **BACKGROUND**

Pro se Plaintiff Napoleon Rankin Bey, a North Carolina prisoner currently incarcerated at Avery/Mitchell Correctional Institution, filed this action on June 25, 2015, pursuant to 42 U.S.C. § 1983, naming the following persons as Defendants: FNU Pritchard, identified as an officer at Avery-Mitchell; and Mike Ball, identified as the Superintendent of Avery-Mitchell. Plaintiff alleges the following in the Complaint:

> On 6-20-2015 Officer Pritchard [illegible] racial conduct before and behavior. Plaintiff eat special diet. On 6-20-15 Plaintiff got a dinner tray and to go sit down. Officer Pritchard want Plaintiff to sit where his butt on the table and sit where his butt on the table and feet where the Plaintiff set. Plaintiff explain I wasn't going to set sit where officer's butt and feet where. Officer Pritchard sit here demand the Plaintiff to sit there once again. Plaintiff wasn't going to sit where Officer Pritchard butt and feet where. Now if the Court run the camera back in the dinner room it will show many's of officers set on the table and feet

1

> where the inmates eat. This is very disrespect because the inmates will get wrote up. A. 02-00 Conduct of Employees. A0202(e) Discrimination or harassment and racial issues. Racial intimidation or harassment. Officer Pritchard made the Plaintiff throw the food tray away. Court have found a sufficiently serious deprivation where a prisoner is deprived of "the minimal civilized measure of life's necessities" such as food. Plaintiff is HIV pos. need to eat every meal. Supt. Mike Ball know that the officers is racial discrimination toward African-American. Plaintiff have address the Court about this facility and officer's racial issues. Conduct and behavior. Court haven't address this issues.

(Doc. No. 1 at 4) (grammatical and spelling errors in original). As relief, Plaintiff seeks "pain and suffering—give the Plaintiff relief. Pay the Plaintiff 8 amendment racial discrimination. Remove the Plaintiff from this facility. Also asking the Court to come talk to African American about the racial attitude the officers have here." (Id.).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519,

2

520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

Plaintiff's Complaint will be dismissed for failure to state a claim, as Plaintiff's allegations simply do not give rise to a claim for a violation of any of Plaintiff's federal or constitutional rights. That is, even assuming that on one occasion Officer Pritchard instructed Plaintiff that he had to eat at a table where Officer Pritchard had placed his "butt" and "feet," this does not rise to the level of an Eighth Amendment violation. Nor does a single incident in which Defendant Pritchard allegedly ordered Plaintiff to throw his food tray out, thus forcing Plaintiff to skip one meal, rise to the level of an Eighth Amendment violation.

The Court further notes that Plaintiff has now filed ten civil rights actions since June 22, 2015. Plaintiff filed some of these actions initially in the Eastern District of North Carolina, and that Court subsequently transferred the actions to this Court. Of those nine actions, at least three of them have now been dismissed for failure to state a claim. The provisions of 28 U.S.C. § 1915 are mandatory and define the degree and scope of this Court's initial review of Plaintiff's Complaint. See Crawford-El v. Britton, 523 U.S. 574, 596 (1998) (discussing the Prison Litigation Reform Act ("PLRA")). Section 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has now reached three strikes under § 1915(g).  **Plaintiff is hereby advised that, in any subsequent civil rights actions filed in this or any other district court, he must pay the full filing fee unless he can show that he is under imminent danger of serious physical injury**.[1]

IV. **CONCLUSION**

For the reasons stated herein, Plaintiff's Complaint will be dismissed for failure to state a claim.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 6), is **GRANTED** for the limited purpose of this initial review.

2. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** for failure to state a claim upon which relief can be granted.

*[signature]*

Frank D. Whitney
Chief United States District Judge

---

[1] Although the time for appeal has not expired in all of the actions that have already been dismissed for failure to state a claim, the Supreme Court recently held that a dismissed claim counts as a strike under the PLRA's three-strikes provision even while an appeal of that dismissal remains pending. See Coleman v. Tollefson, 135 S. Ct. 1759 (2015).